**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAXUM INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>BALDWINDER KAUR, et al.,<br><br>    Defendants.<br><br>AND RELATED CROSS-CLAIMS | Case No.: 1:17-cv-01467 LJO  JLT<br><br>FINDINGS AND RECOMMENDATION TO STRIKE THE ANSWER AND ENTER DEFAULT |

Maxum Indemnity Company seeks declaratory relief against the defendants, asserting it does not have a duty to defend or indemnify defendant Baldwinder Kaur, doing business as Safeway Truck Driving School, under a commercial general liability insurance policy. (*See* Doc. 1) Because Kaur has failed to comply with the Court's order to serve his initial disclosures, the Court recommends his answer be **STRICKEN** and default be entered.

**I.**  **Relevant Background**

Plaintiff initiated this action by filing a complaint for declaratory relief on October 31, 2017. (Doc. 1) Defendant Baldwinder Kaur, doing business as Safeway Truck Driving School, filed an answer to the complaint on February 26, 2018. (Doc. 17)

The Court held a scheduling conference with the parties on April 13, 2018, after which the

Court issued an order setting for the deadlines governing discovery and motions in this action. (*See* Doc. 32) The parties were "ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **May 11, 2018**." (*Id.* at 3, emphasis in original).

On August 8, 2018, Plaintiff filed a joint status report, reporting that "[t]he Parties, with the exception of Mr. Kaur, have exchanged initial disclosures." (Doc. 43 at 1) The Court ordered Mr. Kaur to "show cause in writing why sanctions should not be imposed for his failure to serve his initial disclosures as ordered by the Court," no later than August 27, 2018. (Doc. 44 at 2) In addition, the Court advised Mr. Kaur that if he fails to comply with this order, the Court will impose sanctions up to and including an order striking his answer and entering default against him." (*Id.*) To date, Mr. Kaur has not responded to the Court's order.

## II. Failure Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose terminating sanctions for a party's failure to obey a court order. *See*, *e.g.* *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (same).

Dispositive sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions." *Id.* at 1096; *see also Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (stating that where "the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith").

///

**III.     Discussion and Analysis**

The Ninth Circuit has identified five factors that a court must consider when issuing terminating sanctions: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking terminating sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 186); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988).

    **A.     Public interest and the Court's docket**

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance for the defendant's failure to comply with the Court's order and to defend in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (observing parties are obligated "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of terminating sanctions.

    **B.     Prejudice to Plaintiff**

Significantly, a presumption of prejudice arises when a party unreasonably an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The failure to engage in discovery "significantly impairs" the plaintiff's ability to prosecute. *See Gonzalez*, 2011 U.S. Dist. LEXIS 31941, at *15 (citing *Stars' Desert Inn Hotel & Country Club v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997)). Indeed, the Ninth Circuit determined prejudice was "palpable" where a party failed to comply with orders to produce discovery. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Accordingly, the Court finds this factor weighs in favor of the issuance of terminating sanctions.

    **C.     Consideration of less drastic sanctions**

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical*

*Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, a party "can hardly be surprised" by terminating sanctions "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned the parties in the Scheduling Order that "[f]ailure to comply with this order may result in the imposition of sanctions." (Doc. 32 at 7) The Court also warned Mr. Kaur that if he failed to respond to the order to show cause, "the Court will impose sanctions up to and including an order striking his answer and entering default against him." (Doc. 44 at 2) The Court need only warn a party once that terminating sanctions may be imposed to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Thus, the warnings to Mr. Kaur satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D.    Public policy

Given Mr. Kaur's willful failure to comply with the Court's orders, the prejudice suffered by Plaintiff, and the warnings issued, the policy favoring disposition of cases on their merits is outweighed by the factors favoring dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV.    Findings and Recommendations

Based upon the foregoing, the Court **RECOMMENDS**:

1. The Answer filed by Baldwinder Kaur, doing business as Safeway Truck Driving School (Doc. 17) be **STRICKEN**; and
2. Default be entered against by Baldwinder Kaur, doing business as Safeway Truck Driving School.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven days of the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 5, 2018**            **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE