# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXUM INDEMNITY COMPANY,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BALWINDER KAUR, d/b/a SAFEWAY TRUCK DRIVING SCHOOL, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01467 LJO  JLT<br><br>ORDER WITHDRAWING THE FINDINGS AND RECOMMENDATION TO STRIKE THE ANSWER OF DEFENDANT KAUR AND TO ENTER DEFAULT (Doc. 45) |

On April 13, 2018, the Court issued the scheduling order. (Doc. 32) This required "the parties" to make their initials disclosures by May 11, 2018. Id. at 3. The Court selected this date at the request of the parties. (Doc. 30 at 3) Notably, at that time, the parties reported,

> Defendant Baldwinder Kaur, d/b/a Safeway Truck Driving School is represented in pro per. Counsel for Maxum spoke with a non-attorney representative of Safeway Truck, discussing the telephonic scheduling conference[1], generally what that conference was about, and indicating that it is a requirement of the Court. The representative agreed he would attend the scheduling conference. He did not attend.

(Doc. 30 at 1-2, n. 1) The joint report explained why counsel were recommending that the initial; disclosures not be made until May 11, 2018 as follows:

> This was set out some time from the date proscribed in the Fed. R. Civ. Proc. in part to allow Mr. Kaur time to comply, especially in light of his failure to attend the scheduling conference[2].

---

[1] This portion of the joint report refers to counsel's meet-and-confer effort which occurred in advance of the mandatory scheduling conference.
[2] See n.1.

1

Id. at 3, n. 2. Mr. Kaur failed to appear at the scheduling conference. (Doc. 31)

The Court adopted the date for the initial disclosures, as requested, and ordered, "The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before May 11, 2018." (Doc. 32 at 3.) The Court ordered further,

> All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

Id. at 6. The order continued, "Failure to comply with this order may result in the imposition of sanctions." Id. at 7. All of the parties, except for Balwinder Kaur complied with the order to make their initial disclosures. (Doc. 43 at 1)

Consequently, on August 9, 2018, the Court ordered Mr. Kaur "to show cause in writing why sanctions should not be imposed for his failure to serve his initial disclosures as ordered by the Court [Footnote]." (Doc. 44 at 2, footnote omitted) The order continued, "Mr. Balwinder is advised that if he fails to comply with this order, the Court will impose sanctions up to and including an order striking his answer and entering default against him." Doc. 44 at 2. The deadline for Mr. Kaur to respond passed without him taking any action and without him responding to the Court in any fashion. Thus, on September 5, 2018—a week-and-a-half after Mr. Kaur was obligated to respond—the Court issued a Findings and Recommendation to strike his answer and enter default. (Doc. 45)

Mr. Kaur objects[3] to the Findings and Recommendation and states that he was unaware that he was obligated to make initial disclosures and that he thought only the plaintiff was obligated to do so[4]. (Doc. 47 at 2) He offers no explanation for his failure to comply with the Court's orders that:

1. He participate in a pre-scheduling conference meet-and-confer session to develop a

---

[3] The codefendants have objected to the Findings and Recommendation for their own reasons. (Doc. 46) Without considering Mr. Kaur's complete failure to comply with any of the Court's orders or, even, without considering his complete failure to respond to the Court's order to show cause, they assert that the Findings and Recommendation was issued merely because Mr. Kaur failed to make his initial disclosures. This is a stunning mischaracterization of the situation.

[4] The Court finds this explanation to be incredible given Mr. Kaur's near complete failure to participate in this action or to comply with even one of the Court's orders.

meaningful case schedule (Doc. 6 at 6-7);

    2.    He appear at the mandatory scheduling conference (Doc. 6 at 1);

    3.    He assist in drafting a joint, mid-discovery status conference report (Doc. 32 at 3);

    4.    He respond to the Court's order to show cause why sanctions should not be imposed. (Doc. 44)

Nevertheless, Mr. Kaur now has made his initial disclosures. (Doc. 48) Thus, the Court **ORDERS**:

    1.    The Findings and Recommendation (Doc. 45) is **WITHDRAWN**. Mr. Kaur **SHALL** comply with all Court orders. **His failure to do so in the future will result in a recommendation that his answer be stricken and default entered against him.**

IT IS SO ORDERED.

    Dated: **September 21, 2018**        **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE