# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXUM INDEMNITY COMPANY, | 1:17-cv-01467-LJO-JLT |
| Plaintiff, | ORDER RE MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT SKY TRANSPORTATION |
| v. | |
| BALDWINDER KAUR, d/b/a SAFEWAY TRUCK DRIVING SCHOOL, et al., | (ECF No. 56) |
| Defendants. | |

On October 31, 2017, Plaintiff Maxum Indemnity Company ("Maxum") filed a complaint against several Defendants seeking declaratory relief pursuant to 28 U.S.C. § 2201. Maxum sought a declaration that it did now owe its insured, Defendant Baldwinder Kaur, doing business as ("dba") Safeway Truck Driving School, a duty to defend or duty to indemnify in a pending state court tort litigation.[1] On June 13, 2018, the Clerk entered default against Defendant Sky Transportation ("Sky"), an entity also named as a defendant in the underlying state court action, after Sky failed to appear or answer the complaint. ECF No. 37. On December 12, 2018, the Court granted Maxum's motion for summary judgment against all Defendants then appearing (i.e., all Defendants except Sky). ECF No. 55. On December 21, 2018, Maxum filed the currently pending motion for default judgment against Defendant Sky. ECF No. 56. For the following reasons, the Court grants Plaintiff's motion for default judgment against Sky.

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter a default judgment against

---

[1] In addition to Kaur, Maxum sued other Defendants that were parties in the state court action: the Estate of Baljinder Singh; Gursharan Singh; Paramjit Kaur; Onkar Transport, Inc.; Onkar Trucking, Inc.; Joshi Sangam; Nijjar Transport, Inc.; Bristow Logistics, Inc. ("Bristow"); and Sky Transportation. ECF No. 1.

1

a defaulting party. Fed. R. Civ. P. 55(b). The decision to grant or deny a motion for default judgment is within the district court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has enumerated seven factors for district courts to consider when deciding whether to grant a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. These factors weigh in favor of granting Maxum default judgment against Sky.

The first *Eitel* factor, the possibility of prejudice to Maxum, weighs in favor of granting default judgment. Sky has not answered or appeared after a significant amount time has passed – more than six months has passed since default was entered. Without allowing default judgment here, Plaintiff will likely be without recourse for recovery against Sky.

The second and third *Eitel* factors, concerning the merits of Plaintiff's substantive claims and the sufficiency of the complaint, also weigh in favor of entry of default judgment in light of the Court's grant of summary judgment to Maxum – Maxum's declaratory relief claims are not only sufficient but the Court already found them meritorious.

The fourth *Eitel* factor, the sum of money at stake in the action, also weighs in favor of default judgment as Maxum does not seek monetary damages in this declaratory relief action. Very little money is at stake as Maxum does not seek attorney's fees or other monetary relief except for $118 in costs to be awarded against Sky as well as a portion of the $400 court filing fee.[2]

The fifth *Eitel* factor requires the Court to look at the likelihood of a dispute between the parties

---

[2] Maxum's motion for default judgment requested $518 in costs, including awarding the entire $400 filing fee against Sky, as one of nine properly identified Defendants. After the Court indicated there was no reason given for allocating the entire filing fee against Sky, Maxum amended its request for costs to divide the $400 filing fee among all the Defendants. *See* ECF Nos. 56, 58, 59.

concerning the material facts of the case. Given that the Court already has found in favor of Maxum on its motion for summary judgment, in part based upon a joint statement of material facts submitted by all parties to the summary judgment motion, it is difficult to envision how Sky would be able to raise a dispute as to any material fact. The fifth *Eitel* factor thus favors entry of default judgment.

The sixth *Eitel* factor requires the Court to consider the possibility that the Defendant's default was a result of excusable neglect. Sky was properly served with the Complaint in February 2018, the Clerk entered default on June 13, 2018, and Sky has failed to answer or otherwise appear in this action. ECF Nos. 22, 37. Due to the extended period of time that has passed since the entry of default by the clerk, the possibility of excusable neglect is remote. Accordingly, the Court finds that the sixth *Eitel* factor weighs in favor of granting default judgment.

Lastly, the seventh *Eitel* factor, consideration of the strong policy favoring a decision on the merits, does not weigh against granting default in this case since the case has in fact been decided on the merits pursuant to the Court's grant of Maxum's summary judgment motion.

# I. CONCLUSION AND ORDER

As the *Eitel* factors weigh in favor of entering default judgment, the Court **GRANTS** Plaintiff Maxum's motion for default judgment against Defendant Sky (ECF No. 56) on the merits of the two declaratory relief causes of action in the complaint. The entry of an award of costs will be dealt with separately.

IT IS SO ORDERED.

Dated: __**January 8, 2019**__  _____/s/ Lawrence J. O'Neill_____
UNITED STATES CHIEF DISTRICT JUDGE